**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Venice Small, | : | |
| | : | Case No. 3:24-cv-00007 |
| Plaintiff, | : | |
| | : | Judge Jack Zouhary |
| v. | : | |
| | : | |
| | : | |
| Liberty Mutual Personal Insurance Company, | : | |
| | : | |
| | : | |
| Defendant. | : | |

### DEFENDANT LIBERTY MUTUAL PERSONAL INSURANCE COMPANY'S MOTION TO MODIFY DEPOSITION DATE

Defendant Liberty Mutual Personal Insurance Company ("Liberty") hereby moves to modify the date of Plaintiff Venice Small's ("Plaintiff") deposition, currently set for January 3, 2025. Plaintiff was ordered to "promptly sign" and serve on Liberty's counsel the authorizations for PNC, Ohio Department of Taxation, AEP/Toledo Department of Public Utilities, and Boost Mobile so that Liberty's counsel could obtain and review these documents prior to Plaintiff's deposition. (*See* Doc #34.) At the time of this filing, Liberty's counsel has not received the signed authorizations, and is therefore unlikely to receive the documents associated with those entities prior to the January 3 deposition.

**A. Liberty's Attempts to Obtain the Documents from Plaintiff**

Liberty began requesting documents related to Plaintiff's bank accounts, income, utilities, and phone records on August 29, 2024 in its First Set of Interrogatories and Requests for Production of Documents. (*See* Doc #30.) Plaintiff produced seven documents in response to Liberty's twenty-three requests for production. (*Id.*) Although Liberty viewed Plaintiff's written responses and document production as deficient, the Court indicated that any further action should

1

be temporarily stayed to provide Plaintiff with an opportunity to retain counsel. (*See* Doc #27.) Plaintiff did not retain an attorney, and the Court indicated in the October 25, 2024 Conference that the stay was lifted. Liberty therefore on November 6. 2024 sent Plaintiff a detailed deficiency letter, which went through each response Liberty deemed deficient, including his failure to produce the documents listed above. (*Id.*)

The Court held another status conference on November 19, 2024. At that conference, the parties scheduled Plaintiff's deposition for December 14, 2024. (*See* Doc #31.) Plaintiff advised that he did not possess the documents related to his bank accounts, income, utilities, phone records, and various other items that Liberty had requested. Plaintiff instead agreed to sign releases for Liberty to obtain these documents itself. (*Id.*)

**B. Liberty's Attempts to Obtain the Documents Through Signed Authorizations**

Because Plaintiff indicated at the December 14 status conference that he would be willing to sign releases for Liberty to obtain the requested documents, Liberty's counsel provided Plaintiff with authorizations that would allow Liberty to obtain documents from a variety of entities on Plaintiff's behalf on November 22, 2024. Liberty's counsel asked Plaintiff to sign each authorization and return them via overnight mail as soon as possible so that Liberty's counsel could send the authorizations and requests to the relevant entities, receive the documents back, and review them prior to the December 14 deposition. Plaintiff, however, failed to execute and return the authorizations, and the Court set another status conference for December 4, 2024.

At the December 4, 2024 status conference, Plaintiff expressed, for the first time, objections to the authorizations Liberty had sent him. (*See* Doc #33.) The Court ordered the parties to send it copies of any previously executed authorizations and the authorizations Liberty sent Plaintiff on November 22 so the Court could review and rule on whether Plaintiff must execute

2

them. (*Id.*) At this time, Plaintiff's deposition was rescheduled for January 3, 2025 to allow the Court time to review and rule on the authorizations, for Plaintiff to execute and return any authorizations the Court may order him to sign, and for Liberty to request and review any additional documents obtained using the authorizations prior to the deposition. (*Id.*)

After reviewing the authorizations provided, on December 18, 2024, the Court ordered Plaintiff to "promptly sign" and serve on Liberty's counsel the authorizations for PNC, Ohio Department of Taxation, AEP/Toledo Department of Public Utilities, and Boost Mobile. (*See* Doc #34.) Pursuant to this Order, Liberty's counsel followed up with Plaintiff on December 19 to remind him of the mailing instructions and request that he notify counsel when the authorizations were mailed. A copy of this email chain is attached as **Exhibit A**. Plaintiff did not respond to this email. Liberty's counsel followed up again on December 23 and reminded Plaintiff that the documents were needed as soon as possible to allow Liberty to prepare for Plaintiff's deposition. (*See* Ex. A.) Plaintiff responded on December 24, indicating that he had mailed the documents. (*Id.*) Liberty's counsel, however, has not received the documents at the time of the filing of this Motion.

### C. Necessity of Modifying Deposition Date

Plaintiff's deposition is now one week away, and Liberty has still not received the documents it originally requested from Plaintiff in August 2024. Considering the New Year's Eve and New Year's Day holidays that fall between today's date and the deposition date, it is highly unlikely that Liberty will be able to send out the authorizations (if and when they arrive in the mail), obtain the requested documents, and review them in time for the January 3 deposition.

Liberty therefore requests that the deposition set for January 3, 2025 be rescheduled for a later date to allow additional time for Liberty to request and receive the documents it is entitled to

3

collect pursuant to the Court's December 18, 2024 Order. Further, as the Court is aware, fact witness discovery relating to liability was scheduled to be completed by December 13, 2024; and damages discovery is to be completed by January 10, 2025. Plaintiff's unresponsiveness and the necessity of rescheduling the deposition will likely necessitate revising these discovery deadlines as well.

                                          Respectfully submitted,

                                          */s/ Nicole Mattingly*
                                          William M. Harter (0072874)
                                          Natalie Nicole Mattingly (0101556)
                                          FROST BROWN TODD LLP
                                          10 West Broad Street, Suite 2300
                                          Columbus, OH 43215
                                          (614) 464-1211 / (614) 464-1737 (fax)
                                          nmattingly@fbtlaw.com

                                          *Attorneys for Defendant Liberty Mutual Personal Insurance Company*

## CERTIFICATE OF SERVICE

On December 27, 2024, a copy of the foregoing will be served upon the following via email and regular mail:

Venice Small
5932 Aqua Bay Drive
Columbus, OH 43235
Email: vee2019smalls@gmail.com

*Pro Se Plaintiff*

                                                */s/ Nicole Mattingly*
                                                Natalie Nicole Mattingly (0101556)

# EXHIBIT A

| | |
|---|---|
| **From:** | Vee Smalls <vee2019smalls@gmail.com> |
| **Sent:** | Tuesday, December 24, 2024 8:53 AM |
| **To:** | Mattingly, Nicole |
| **Cc:** | Harter, William M. |
| **Subject:** | Re: Small v. Liberty / Authorizations |
| **Attachments:** | image005.png |

Yes I sent documents its also with a motion u should receive both at same time

On Mon, Dec 23, 2024, 3:04 PM Mattingly, Nicole <nmattingly@fbtlaw.com> wrote:

> Hi Mr. Small,
>
> Following up on the below. Have you had a chance to mail the signed authorizations? We need these as soon as possible so that we can try to get the documents before your deposition.
>
> Best,
>
> Nicole
>
> **Nicole Mattingly**
> Attorney at Law | Frost Brown Todd LLP
> *Pronouns: she/her/hers*
> Columbus, OH
> 614.559.7285 Direct
> 270.402.2044 Mobile
> nmattingly@fbtlaw.com
>
> ---
>
> **From:** Mattingly, Nicole
> **Sent:** Thursday, December 19, 2024 9:56 AM
> **To:** Vee Smalls <vee2019smalls@gmail.com>
> **Cc:** Harter, William M. <wharter@fbtlaw.com>
> **Subject:** RE: Small v. Liberty / Authorizations

Hi Mr. Small,

Please confirm via email when you have put the signed authorizations in the mail. Mailing instructions are below. In addition, please provide the AEP account or service delivery number so we can complete that authorization.

Thanks,

Nicole

**Nicole Mattingly**
**Attorney at Law | Frost Brown Todd LLP**
*Pronouns: she/her/hers*
Columbus, OH
614.559.7285 Direct
270.402.2044 Mobile
nmattingly@fbtlaw.com

---

**From:** Harter, William M. <wharter@fbtlaw.com>
**Sent:** Wednesday, November 27, 2024 2:31 PM
**To:** Vee Smalls <vee2019smalls@gmail.com>; Mattingly, Nicole <nmattingly@fbtlaw.com>
**Subject:** RE: Small v. Liberty / Authorizations

We will need original signatures, so please send them back overnight mail to:

Nicole Mattingly

Frost Brown Todd LLP

10 West Broad Street, Suite 2300

Columbus, OH 43215

Thanks.

Bill

**William Harter**
Attorney at Law

Mansfield Rule ™ Certified *Plus* 2023-2024

One Columbus Center
10 West Broad Street, Suite 2300
Columbus, OH 43215-3484

614.559.7226  Direct
614.464.1211  Main
614.323.5190  Mobile

wharter@fbtlaw.com | frostbrowntodd.com

---

**From:** Vee Smalls <vee2019smalls@gmail.com>
**Sent:** Wednesday, November 27, 2024 2:29 PM
**To:** Mattingly, Nicole <nmattingly@fbtlaw.com>
**Cc:** Harter, William M. <wharter@fbtlaw.com>
**Subject:** Re: Small v. Liberty / Authorizations

Venice small here wants to know how do you want to receive release via email or fax

On Fri, Nov 22, 2024, 4:11 PM Mattingly, Nicole <nmattingly@fbtlaw.com> wrote:

> Hi Mr. Small,
>
> Attached are the authorizations for the documents we have been requesting. Please sign, date, and return them as soon as you can. The AEP authorization requires an account or service delivery number – please provide that information as well. We may seek additional authorizations in the future if necessary. Let me know if you have any questions.
>
> Best,

3

Nicole

**Nicole Mattingly**
**Attorney at Law**
*Pronouns: she/her/hers*

Mansfield Rule ™ Certified *Plus* 2023-2024

One Columbus Center
10 West Broad Street, Suite 2300
Columbus, OH 43215-3484

614.559.7285  Direct
614.464.1211  Main
270.402.2044  Mobile

nmattingly@fbtlaw.com | frostbrowntodd.com

NOTICE: This electronic mail transmission is for the use of the named individual or entity to which it is directed and may contain information that is privileged or confidential. It is not to be transmitted to or received by anyone other than the named addressee (or a person authorized to deliver it to the named addressee). It is not to be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, delete it from your system without copying or forwarding it, and notify the sender of the error by replying via email or by calling Frost Brown Todd LLP at (513) 651-6800, so that our address record can be corrected.